IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLAUDETTE LOHR, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:15-cv-1931-BN |
| § | |
| PAUL GILMAN; FREDERICK D. § | |
| MINTdeON, PhD; MARLANE § | |
| MINTON; OIL MIGRATION GROUP, § | |
| LLC; and WAVETECH29, LLC, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

On June 1, 2017, the Court entered an order granting the motion to withdraw [Dkt. No. 33] of Toby M. Galloway and the law firm of Kelly Hart & Hallman LLP, and Philip H. Hilder and the law firm of Hilder & Associates, P.C. (collectively "Defendants' counsel") as counsel for Defendants Paul Gilman, Frederick D. Minton, Ph D., Marlane Minton, Oil Migration Group, LLC and Wavetech29, LLC. *See* Dkt. No. 44. As the Court's June 1 order explained, these attorneys' withdrawal as counsel from this litigation has further implications for this case's progress going forward.

Defendants Paul Gilman, Frederick D. Minton and Marlane Minton are individuals and may, if they choose, represent themselves in this matter. *See* 28 U.S.C. § 1654. But, insofar as Defendants Oil Migration Group, LLC and Wavetech29, LLC are neither individuals nor sole proprietorships, each of these defendants must be represented by an attorney in litigation in federal court. *See M3Girl Designs, LLC v.*

*Purple Mountain Sweaters*, No. 3:09-cv-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010).

Accordingly, in its June 1 order, the Court ordered that Defendants Oil Migration Group, LLC and Wavetech29, LLC must each obtain legal counsel and cause the new counsel to enter an appearance in this case by no later than July 6, 2017. The Court's order also warned these defendants that a defendant's failure to hire counsel to represent it may result in appropriate measures, including possibly striking the defendant's defenses and entering a default judgment against the defendant. *See Adonai Communications, Ltd. v. Awstin Investments, L.L.C.*, No. 3:10-cv-2642-L, 2012 WL 899271, at *1-*2 (N.D. Tex. Mar. 16, 2012); *Top Sales, Inc. v. Designer Vans, Inc.*, No. 3:96-cv-721-D, 1997 WL 786254, at *1-*2 (N.D. Tex. Dec. 11, 1997).

During the hearing on the motion to withdraw, Paul Gilman, Dr. Frederick D. Minton, and Marlane Minton agreed to accept service of filing and discovery in this case directly by email. Mr. Gilman also agreed that, unless and until new counsel appears, Defendants Oil Migration Group, LLC and Wavetech29, LLC may be served through him. These agreements on the record satisfy the requirements for agreed electronic service under Federal Rule of Civil Procedure 5(b)(2)(E).

Despite the Court's June 1 order requiring the now-unrepresented corporate defendants to obtain new counsel, new counsel has not entered an appearance for Defendant Oil Migration Group, LLC and Defendant Wavetech29, LLC. On July 5, 2017, Plaintiff' Claudette Lohr moved for default judgment against the corporate

defendants. *See* Dkt. No. 46.

In federal court, a corporation is not permitted to proceed *pro se*. "The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982)).

"[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). When a corporation declines to hire counsel to represent it, the Court may properly strike its defenses, if it is a defendant. *See Donovan*, 736 F.2d at 1005 (holding district court properly struck defenses of corporate defendant who declined to hire counsel). Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel. *See PalWeb Corp. v. Vimonta AG*, No. 3:00-cv-1388-P, 2003 WL 21992488, at * 1 (N.D. Tex. Aug.19, 2003) (entering a final judgment against the defendant, a Swiss company, and finding that the defendant had been validly served; that the defendant entered its appearance through counsel; that counsel was allowed to withdraw by order of the court; that the court ordered the defendant to obtain substitute counsel (licensed to practice in the court's jurisdiction) on two occasions; and that no attorney licensed to practice in the jurisdiction had entered an appearance on the defendant's behalf; and that defendant was therefore in default); *see also Mount Vernon Fire Ins. Co. v.*

*Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

Defendants Oil Migration Group, LLC and Wavetech29, LLC remain unrepresented by counsel and have failed to comply with the Court's order. In the Court's June 1 order, the Court admonished these defendants that failure to obtain counsel may result in appropriate measures, including possibly striking the defendant's defenses and entering a default judgment against the defendant.

The Court has considered the imposition of alternate sanctions short of striking each defendant's defenses and entering a default. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. These defendants were given 25 days to obtain new counsel and were warned of these possible consequences if they failed to do so. *See* Dkt. No. 44.

Accordingly, entry of default against Defendants Oil Migration Group, LLC and Wavetech29, LLC under Federal Rule of Civil Procedure 55 is appropriate.

A plaintiff must present evidence supporting each of his theories of recovery. This is true even when the plaintiff has secured a default judgment. "A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages. After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding

damages." *U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (internal citations omitted).

The United States Court of Appeals for the Fifth Circuit reasons that "[t]he default judgment establishes the truth of ... [the] factual allegations" minimally necessary to support the defendant's liability. *See id.* "But the fact that [a defendant] breached does *not* establish" any other unnecessary facts – such as those that only speak to the damage that the plaintiff may have suffered. *See id.* (noting that "the fact that Shipco breached does *not* establish that M-CO did good quality work, as required by the contract" (emphasis in original)).

"The case law is clear that judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir. 1979). An evidentiary hearing is thus required where Plaintiff asks for damages that require the Court to exercise discretion. *See id.* (finding that a statute that allows the court to award damages for copyright infringement based on what it considers just "certainly was not liquidated or capable of mathematical calculation").

Here, Plaintiff sued Defendants Oil Migration Group, LLC and Wavetech29, LLC for fraud violations of Section 10(b) of the Exchange Act, violation of Texas Blue Sky Laws, statutory fraud, common law fraud, and money had and received. *See* Dkt. No. 31 (Second Amended Complaint).Plaintiff seeks $540,000 in actual damages plus exemplary damages and declaratory judgment, plus attorney's fees. *See id.* at 21-22.

In support of the motion for default judgment, Plaintiff's attorney submitted a declaration stating that Plaintiff's has in excess of $25,000 in reasonable and necessary attorney's fees in this case. *See* Dkt. No. 46-1.

Because the Court must exercise discretion in the award of damages, an evidentiary hearing on the motion for default judgment against the corporate defendants is necessary as to the damages, attorneys' fees, and costs that Plaintiff seeks.

## Conclusion

Plaintiff Claudette Lohr's Motion for Entry of Default Judgment Against Corporate Defendants [Dkt. No. 46] is GRANTED in part, as follows:

(1) the Court orders that Defendants Oil Migration Group, LLC and Wavetech29, LLC are in default;

(2) the Court directs the Clerk of Court, pursuant to Fed. R. Civ. P. 55(a), to enter default against Defendants Oil Migration Group, LLC and Wavetech29, LLC;

(3) Defendants Oil Migration Group, LLC and Wavetech29, LLC have not filed a response to Plaintiff's Original Complaint [Dkt. No. 1], First Amended Complaint [Dkt. No. 15] or Second Amended Complaint [Dkt. No. 31]. Accordingly, there are no answers to be stricken as to those Defendants; and

(4) an evidentiary hearing on damages, attorneys' fees, and costs is set for **August 18, 2017 at 10:00 a.m.** in Courtroom 1351, 1100 Commerce Street, Dallas, Texas 75242.

SO ORDERED

DATED: July 27, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE