IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLAUDETTE LOHR,                          §
                                         §
            Plaintiff,                   §
                                         §
V.                                       §          No. 3:15-cv-1931-BN
                                         §
PAUL GILMAN; FREDERICK D.                §
MINTON, PhD; MARLANE                     §
MINTON; OIL MIGRATION GROUP,             §
LLC; and WAVETECH29, LLC,                §
                                         §
            Defendants.                  §

### MEMORANDUM OPINION AND ORDER[1]

This Memorandum Opinion and Order addresses two outstanding issues: (1)

whether the Court should enter an order requiring Defendants Frederick Minton and

Marlane Minton to pay Plaintiff Claudette Lohr, as required by Rule 37(a)(5)(A), the

expenses, including attorneys' fees, that Lohr incurred in having her attorneys draft

and file her Motion to Compel and Request for Sanctions Against Frederick Minton and

Marlane Minton [Dkt. No. 48], *see* Dkt. No. 67 (November 9, 2017 Electronic Order),

and (2) whether the court should grant Defendants Frederick Minton and Marlane

Minton's motion to set aside default [Dkt. No. 76] under Federal Rule of Civil

Procedure 55(c), *see* Dkt. No. 78.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

**Background**

I.    Lohr's Motion to Compel and Request for Sanctions Against the Mintons

On November 9, 2017, the Court entered an Electronic Order that granted

Plaintiff Claudette Lohr's Motion to Compel and Request for Sanctions Against

Frederick Minton and Marlane Minton [Dkt. No. 48] and explained that

> Federal Rule of Civil Procedure 26(g)(1) requires that "every discovery...
> response... must be signed... by the party personally, if unrepresented and
> must state the signer's address, e-mail address, and telephone number.
> By signing,... [a] party certifies that to the best of the person's knowledge,
> information, and belief formed after a reasonable inquiry:... (B) with
> respect to a discovery... response..., it is: i) consistent with these rules and
> warranted by existing law or by a nonfrivolous argument for extending,
> modifying, or reversing existing law, or for establishing new law; (ii) not
> interposed for any improper purpose, such as to harass, cause
> unnecessary delay, or needlessly increase the cost of litigation; and (iii)
> neither unreasonable nor unduly burdensome or expensive, considering
> the needs of the case, prior discovery in the case, the amount in
> controversy, and the importance of the issues at stake in the action."
> Federal Rule of Civil Procedure 26(g)(2) provides that "[o]ther parties
> have no duty to act on an unsigned disclosure, request, response, or
> objection until it is signed, and the court must strike it unless a signature
> is promptly supplied after the omission is called to the attorney's or
> party's attention." Defendants Frederick Minton and Marlane Minton did
> not sign their responses to Plaintiff's First Set of Interrogatories,
> Plaintiff's First Set of Requests for Admissions, or Plaintiff's First
> Requests for Production as Rule 26(g)(1) requires, even after Plaintiff's
> counsel pointed out the omission. See Dkt. No. 48-1. They instead filed at
> least some of their unsigned responses with the Court. See Dkt. No. 56.
> The Court therefore strikes Defendants Frederick Minton and Marlane
> Minton's responses to Plaintiff's First Set of Requests for Admissions,
> Defendants Frederick Minton's and Marlane Minton's responses to
> Plaintiff's First Set of Interrogatories, and Defendants Frederick Minton's
> and Marlane Minton's responses to Plaintiff's First Requests for
> Production. See Dkt. No. 48-1, Ex. B. Defendants Frederick Minton and
> Marlane Minton must, by December 29, 2017, serve complete answers
> and responses – complying with the Federal Rules of Civil Procedure – to
> Plaintiff's First Set of Interrogatories, Plaintiff's First Set of Requests for
> Admissions, or Plaintiff's First Requests for Production. Federal Rule of

Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the party... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys fees, except that the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. By December 29, 2017, Defendants Frederick Minton and Marlane Minton must also file a response explaining why the Court should not enter an order requiring them to pay Plaintiff Claudette Lohr, as required by Rule 37(a)(5)(A), the expenses, including attorneys' fees, that she incurred in having her attorneys draft and file her [48] Motion to Compel and Request for Sanctions Against Frederick Minton and Marlane Minton. If the Mintons file this response, Plaintiff may file a reply in support of an award of expenses under Rule 37(a)(5)(A) by January 12, 2018.

Dkt. No. 67.

On December 12, 2017, the Mintons made a filing [Dkt. No. 76] that the Court has liberally construed as a motion to set aside default under Federal Rule of Civil Procedure 55(c). *See* Dkt. No. 78. The Mintons' one-page handwritten note states that

> We are investors also and have not received any monies of any kind from Paul Gilman. Neither, have we received any monies from Claudetter Lohr.
> We are living on our Social Security as both of us are Eighty three years old.
> We are not requesting for a delay.
> We are requesting for a dismissal of this case.
> Thank you

Dkt. No. 76 at 1 of 55. The Mintons then attached signed and apparently amended responses and answers to Lohr's discovery requests as well as certain documents being produced in response to the requests. *See id.* at 2-54 of 55.

On January 5, 2018, Lohr filed a Certificate of Defendants' Non-Compliance

with Court's Discovery Order Entered on November 9, 2017, Dkt. 67, explaining that

> 1. On November 9, 2017, this Court granted Plaintiff's Motion to Compel and Request for Sanctions and issued an Order requiring that Defendants Frederick D. Minton, PhD and Marlane Minton (the "Mintons") "serve complete answers and responses" – complying with the Federal Rules of Civil Procedure – to Plaintiff's First Set of Interrogatories, Plaintiff's First Set of Request for Admissions, and Plaintiff's First Requests for Production of Documents by December 29, 2017 (the "Discovery Order"). Dkt. 67.
> 2. The Court's Discovery Order also required the Mintons to file a written response to show cause why they should not be sanctioned for their prior non-compliance by December 29, 2017. *Id.*
> 3. On November 9, 2017, Plaintiff served a true and correct copy of the Court's Discovery Order upon the Mintons. *See* Plaintiff's Certificate of Service, Dkt. 69.
> 4. Plaintiff hereby certifies to the Court that the deadline for the Mintons to file a written response to show cause as to why they should not be sanctioned has lapsed without any such filing.
> 5. Plaintiff further certifies to the Court that the deadline for the Mintons to serve complete discovery responses that comply with the Federal Rules of Civil Procedure has also lapsed without such compliance. Instead, the Mintons, in direct contravention of this Court's Discovery Order, attached modified (yet still non-compliant) discovery responses to their December 12, 2017 filing, which the Court construed as a Motion to Set Aside Default Judgment. Assuming the Mintons intended the attached documents to be their discovery responses, the responses substantially and materially fail to comply with the Court's Discovery Order.
> 6. The following shows only a sample of the myriad reasons the Mintons' purported discovery responses fail to meet the standards under the Federal Rules.
> ### A. Interrogatories
> 7. The Mintons' Responses to Interrogatories are not answered fully and verified under oath as required by FRCP 33(b)(3). Most of their responses still quite literally read "D.N.K." or "I.D.K."
> 8. Despite the Mintons' alleging to this Court that they were investors with Paul Gilman and his companies, the Mintons refuse to identify such transactions as required by Plaintiff's Interrogatory Nos. 17 and 19.
> 9. Further, Interrogatory No. 12 requests the Mintons to identify every transfer of money to any other Defendants. Despite producing several documents showing wire transfers to Paul Gilman, the Mintons

inexplicably responded "I.D.K.—None"
## B. __Requests for Admissions__
10. The Mintons fail to admit or deny each admission as required by the Rules. The Mintons' responses do not fairly respond to the substance of the matter, nor do they assert that they have made a reasonable inquiry to enable them to admit or deny the admissions.
## C. __Requests for Production__
11. The Mintons failed to indicate whether they performed a diligent search for documents within their possession and/or control, but their paltry production proves they did not.
12. As previously stated in Plaintiff's Motion to Compel, Plaintiff's counsel is in possession of some emails between the Mintons and Paul Gilman that were produced by Paul Gilman in this action. Despite this, the Mintons failed to produce any email communications.
13. The Mintons attached certain wire transfer statements to their December 12, 2017 filing; however, Plaintiff has possession of additional wire transfer statements from the Mintons that they failed to produce.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court (i) sanction the Mintons in an amount of at least $5,000.00 and order them to pay Plaintiff for fees and expenses incurred associated with her Motion to Compel in an additional amount of $5,000.00, (ii) authorize all writs to issue for collection of the sanctions and fees awarded, if not paid promptly, (iii) consider the Mintons' continuing failures in denying their Motion to Set Aside Default Judgment, and (iv) grant Plaintiff all further relief as is appropriate at law or equity so that justice may be done.

Dkt. No. 84 at 1-3 (footnote omitted). Lohr further explained that

> [i]t is not lost upon Plaintiff that her possession of some emails and some bank documents means their production from the Mintons may be duplicative. However, the larger point is that Plaintiff knows of the existence of more documents that she does not have because the Mintons have not produced them. Further, production by the Mintons would also resolve potential authenticity objections in the future.

*Id.* at 3 n.1

## II.     The Mintons' Motion to Set Aside Default

As the Court previously explained, on December 12, 2017, the same day that the

Court directed entry of and the Clerk of Court entered defaults as to Defendants

Frederick Minton and Marlane Minton, both proceeding *pro se*, *see* Dkt. Nos. 75 & 77, the Court received a filling mailed from the Mintons [Dkt. No. 76] that – considering their *pro se* status and in the interest of fairly but expeditiously addressing the issues in this litigation – the Court has liberally construed as a motion to set aside default under Federal Rule of Civil Procedure 55(c). The Court abated the December 29, 2017 deadline for Plaintiff Claudette Lohr to file a motion for default judgment, *see* Dkt. No. 75, and instead ordered Lohr to file a written response to the construed Rule 55(c) motion by January 2, 2018. *See* Dkt. No. 78. And the Court ordered that the Mintons must file reply brief, but no additional documents, by February 3, 2018. *See id.*

Lohr timely filed the required brief. *See* Dkt. No. 83.

The Mintons did not file a reply but did, on January 23, 2018, file a long-overdue answer to Plaintiff's Second Amended Complaint. *See* Dkt. No. 85.

**Legal Standards and Analysis**

I.     Lohr's Motion to Compel and Request for Sanctions Against the Mintons

The Court does not find that the Mintons have shown that their failure to properly sign and serve answers and responses – complying with the Federal Rules of Civil Procedure – to Plaintiff's First Set of Interrogatories, Plaintiff's First Set of Requests for Admissions, or Plaintiff's First Requests for Production was substantially justified or that other circumstances make an award of expenses unjust. While the courts "construe pro se litigants' pleadings liberally, [the courts] do not excuse pro se litigants' failure to comply with the pertinent rules of procedure and substantive law." *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (citations omitted).

Further, the Court finds that Lohr filed her Motion to Compel and Request for Sanctions Against Frederick Minton and Marlane Minton [Dkt. No. 48] only after attempting in good faith to obtain the discovery without court action. *See* Dkt. No. 48 at 2-3.

Accordingly, the Court will order Defendants Frederick Minton and Marlane Minton to pay Plaintiff Claudette Lohr, as required by Rule 37(a)(5)(A), the expenses, including attorneys' fees, that Lohr incurred in having her attorneys draft and file her Motion to Compel and Request for Sanctions Against Frederick Minton and Marlane Minton [Dkt. No. 48]. Lohr must, by **April 9, 2018**, file an application for attorneys' fees and costs that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees and costs (as described above) to be awarded under Rules 37(a)(5)(A). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and must set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002). If an application is filed, Defendants Frederick Minton and Marlane Minton must file any response challenging the amount of reasonable attorneys' fees and costs to awarded by **May 9, 2018**, and Lohr must file a reply by **May 23, 2018**.

II.     The Mintons' Motion to Set Aside Default

As the Court previously explained, under Federal Rule of Civil Procedure 55, "a district court 'may set aside an entry of default for good cause.'" *Moreno v. LG Eleccs,*

*USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (quoting FED. R. CIV. P. 55(c)). "The language of this rule is discretionary." *Id.* As that language also makes clear, "[t]he ultimate inquiry is whether a defendant can show 'good cause' that default should be set aside." *Copeland v. State Farm Inc. Co.*, 657 F. App'x 237, 239 (5th Cir. 2016) (per curiam) (citing *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 559 (5th Cir. 2003)). And "'the decision to set aside a default is committed to the sound discretion of the trial court.'" *Moreno*, 800 F.3d at 698 (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

In exercising its sound discretion to determine whether good cause to set aside a default has been shown, a district court generally examines "[t]hree factors": "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Elfjohn*, 346 F.3d at 563 (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). As "[t]hese factors are not exclusive," "[o]ther factors may be considered, such as whether the party acted expeditiously to correct the default." *Id.* (citing *Dierschke*, 975 F.2d at 184; *see also Moreno*, 800 F.3d at 698 ("[D]istrict courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense." (citing *Dierschke*, 975 F.2d at 183-84; citation omitted)).

Lohr contends that the defaults against the Mintons should not be set aside, where "[t]he Mintons were served personally at their Dallas residence on June 8, 2015 and June 15, 2015"; "[f]or nearly four years now, despite their numerous appearances,

requests for relief, and Court orders, the Mintons have successfully evaded ever answering Lohr's complaints"; "[t]he Mintons' willful evasion over the last two-and-a-half years has allowed them to leave the country, lose or destroy documents from their Dallas storage units, avoid proper discovery, and prolong Lohr's litigation costs and delays to a most-unreasonable extent"; and "(a) the Mintons' continuing failures are willful, (b) reversing default will severely prejudice Lohr, and (c) the Mintons have presented no meritorious defenses." Dkt. No. 83 at 1-2. According to Lohr, "[n]one of the relevant factors weighs in favor of reversal of default, and the Mintons' latest filing [Dkt. No. 76] should be denied and/or overruled." *Id.* at 2.

After carefully considering the record and the relevant considerations, the Court agrees.

"The first factor (willfulness) weighs in favor of ... not setting aside the entr[ies] of default." *Elfjohn*, 346 F.3d at 563. Here, the Mintons knew of the action for years and were repeatedly advised by Lohr's counsel and the Court that they were required to answer Lohr's complaint after their motion to dismiss was denied and Lohr filed her Second Amended Complaint. *See* Dkt. No. 75 (laying out procedural history). That they finally filed an answer that appears to comply with Federal Rule of Civil Procedure 8(b) in January 2018 only demonstrates that they could have done so sooner, and yet they did not act expeditiously to correct their defaults. The Court finds that the Mintons willfully – in this case, intentionally – failed to timely answer Lohr's Second Amended Complaint for months, despite the Court's repeated and clear orders directing them to do so. *See In re OCA, Inc.*, 551 F.3d 359, 370 n. 32 (5th Cir. 2008) ("A willful default is

an intentional failure to respond to litigation." (emphasis and internal quotation marks omitted)); *Dierschke*, 975 F.2d at 184-85 ("The willful failure to answer, the lack of any meritorious defense, and the existence of resulting prejudice to the plaintiff, depending on the circumstances, typically can provide adequate cause for the court to deny a motion to set aside a default. Assuming no prejudice to the plaintiffs and that Dierschke had meritorious defenses does not automatically overcome the willful failure to answer. Willful failure alone may constitute sufficient cause for the court to deny this motion."); *see generally Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984) (noting that, where a defendant filed a late answer, the district "court could have entered a default judgment but chose not to do so").

The Fifth Circuit has explained " finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Lacy*, 227 F.3d at 292 (internal quotation marks omitted). But, here, the the second and third factors also weigh in favor of finding no good cause to set aside the entry of defaults against the Mintons.

As to the second factor, "mere delay does not alone constitute prejudice," *id.* at 293, and pointing to "expected difficulties [the plaintiff] may face if forced to proceed with further litigation" and "requiring a plaintiff to prove his case do[] not constitute prejudice, *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). "Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."

*Lacy*, 227 F.3d at 293 (internal quotation marks omitted). As Lohr explains, in addition to the Mintons' failures to comply with their discovery obligations – despite the Court's explaining to them that they must comply with those obligations during the hearing in which the Court allowed the Mintons' attorney to withdraw – "the Mintons alleged they had 'stored documents which are in Dallas, TX'" but, "as explained in Lohr's Motion to Compel, ... apparently no longer have those documents," and "Lohr will be prejudiced if the Mintons successfully use their delay tactics to avoid production of documents." Dkt. No. 83 at 8 (quoting Dkt. No. 57 at 2.).

And, as to the third factor, the Mintons have failed to present a meritorious defense sufficient to support a finding on the merits for these defaulting parties. "In determining whether a meritorious defense exists, [t]he underlying concern is ... whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA*, 551 F.3d at 373 (internal quotation marks omitted). A defaulting defendant must provide "definite factual allegations, as opposed to mere legal conclusions, in support of her defense," which "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Jenkens & Gilchrist*, 542 F.3d at 122 (internal quotation marks omitted).

As Lohr explains, the Mintons' factual assertions and denials in their one-page filing [Dkt. No. 76] does not raise meritorious defenses that, if proven, raise a real possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default. *See* Dkt. No. 83 at 9-11.

The Mintons do raise more specific factual assertions and denials in their late-filed answer [Dkt. No. 85], but, at the same time, the Mintons appear to have no interest in taking their defenses to trial – they ask the Court to summarily dismiss the case based on their factual assertions. *See* Dkt. No. 76 at 1; Dkt. No. 85 at 4-5. Insofar as their filings could be construed as seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) or summary judgment under Federal Rule of Civil Procedure 56, they have failed to show to make the showing required for such relief.

Based on the Mintons' willful failure to answer in the previous six months, their failure to expeditiously correct their defaults, and the serious prejudice that Lohr has shown would follow from setting aside their defaults as discussed above, the Court finds that, even if the third factors does not strongly weigh in favor of denying the motion to set aside, the Mintons have failed to show good cause to set aside their defaults. *See generally UnitedHealthcare Ins. Co. v. Holley*, __ F. App'x ___, No. 17-40354, 2018 WL 775291, at *2 (5th Cir. Feb. 7, 2018) (explaining the defaulting defendant (Holley) "claims that the district court erred in failing to consider her allegedly meritorious defense" but "does not cite any authority for her novel proposition that, even if the court finds a defendant's default was willful, it is required to consider the defendant's potentially meritorious defense to the substantive claims," and that "[t]his is likely because the weight of this court's authority indicates the converse: once a district court finds that default was willful, the inquiry ceases, and it does not abuse its discretion in denying defendant's request to set aside the judgment").

## Conclusion

For the reasons and to the extent explained above, the Court (1) ORDERS Defendants Frederick Minton and Marlane Minton to pay Plaintiff Claudette Lohr, as required by Rule 37(a)(5)(A), the expenses, including attorneys' fees, that Lohr incurred in having her attorneys draft and file her Motion to Compel and Request for Sanctions Against Frederick Minton and Marlane Minton [Dkt. No. 48] and (2) DENIES Defendants Frederick Minton and Marlane Minton's motion to set aside default [Dkt. No. 76] under Federal Rule of Civil Procedure 55(c) and ORDERS Plaintiff Claudette Lohr to, by **April 9, 2018**, file a motion for default judgment against Defendants Frederick Minton and Marlane Minton.

SO ORDERED.

DATED: March 19, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE