IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLAUDETTE LOHR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1931-BN |
| | § | |
| PAUL GILMAN; FREDERICK D. | § | |
| MINTON, PhD; MARLANE | § | |
| MINTON; OIL MIGRATION GROUP, | § | |
| LLC; and WAVETECH29, LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Claudette Lohr has filed an Application for Attorneys' Fees and Costs (the "Application") under Federal Rule of Civil Procedure 37(a)(5). *See* Dkt. No. 88.

For the reasons explained below, the Court GRANTS Plaintiff's Application.

**Background**

Lohr filed a Motion to Compel Discovery and Request for Sanctions against Defendants Frederick D. Minton and Marlane Minton (the "Mintons"), requesting the Court to order the Mintons to fully cure their discovery deficiencies and comply with the Federal Rules of Civil Procedure. *See* Dkt. No. 48.

On November 11, 2017, the Court entered an Order granting the motion to compel and for sanctions. *See* Dkt. No. 67. Specifically, the Court struck the Mintons responses to Plaintiff's First Set of Interrogatories, Plaintiff's First Set of Requests for Admissions, and Plaintiff's First Requests for Production and ordered the Mintons to

-1-

serve complete answers and responses -- complying with the Federal Rules of Civil Procedure -- to Plaintiff's First Set of Interrogatories, Plaintiff's First Set of Requests for Admissions, or Plaintiff's First Requests for Production by December 29, 2017.

The Court explained that "Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted ... the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, except that the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* at 8 (quoting FED. R. CIV. P. 37(a)(5)(A). As the Court further explained, Federal Rule of Civil Procedure 37(a)(5) also provides that, if a motion to compel "is granted in part and denied in part, the court may ... after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

The Court also ordered the Mintons to file a response explaining why the Court should not enter an order requiring them to pay Lohr, as required by Rule 37(a)(5)(A), the expenses, including attorneys' fees, that she incurred in having her attorneys draft and file her motion to compel and request for sanctions against them by December 29, 2017. *See* Dkt. No. 67.

On December 12, 2017, the Mintons made a filing that the Court construed as

a motion to set aside default. *See* Dkt. Nos. 76, 86 at 3. The Mintons attached signed and apparently amended responses and answers to Lohr's discovery requests as well as certain documents being produced in response to the requests. *See* Dkt. No. 76 at 2-55.

Lohr filed a Notice of Certificate of Non-Compliance on January 5, 2018, certifying that the deadline for the Mintons to file a written response to show cause as to why they should not be sanctioned had lapsed without the Mintons filing the ordered response. *See* Dkt. No. 84. Lohr also certified that the deadline for the Mintons to serve complete discovery responses that comply with the Federal Rules of Civil Procedure had lapsed without compliance. "Instead, the Mintons, in direct contravention of this Court's Discovery Order, attached modified (yet still non-compliant) discovery responses to their December 12, 2017 filing ... Assuming the Mintons intended the attached documents to be their discovery responses, the responses substantially and materially fail to comply with the Court's Discovery Order." *Id.* at 2.

The Court determined that the conditions that would preclude payment under Rule 37(a)(5) are not present in connection with Lohr's motion to compel. *See* Dkt. No. 86 at 7. The Court then ordered the Mintons to pay Lohr, as required by Rule 37(a)(5)(A), the expenses, including attorneys' fees, that Lohr incurred in having her attorneys draft and file her Motion to Compel and Request for Sanctions Against Frederick Minton and Marlane Minton. *See id.* And the Court ordered Lohr to file an application for attorneys' fees and costs. *See id.*

Plaintiff filed this Application on April 9, 2018. *See* Dkt. No. 89.

The Mintons did not respond to Lohr's Application, and their time to do so has expired.

**Legal Standards**

"This Court uses the 'lodestar' method to calculate attorney's fees." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing *Fender v. Zapata Partnership, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994)); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984)). The relevant legal community is the community in which the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).

The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id*. The hours remaining are those reasonably expended. *See id*. There is a strong presumption of the

reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan*, 448 F.3d at 800.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 448 F.2d at 717-19; *see also Saizan*, 448 F.3d at 800. Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases. *See Watkins*, 7 F.3d at 457. Further, the lodestar amount may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar, *see Saizan*, 448 F.3d at 800, and the lodestar calculation may take into account several *Johnson* factors, *see Black v. SettlePou, P.C.*, 732 F.3d 492, 503 n.8 (5th Cir. 2013).

Additionally, a party seeking attorneys' fees may only recover for time spent in preparing and prosecuting the actual discovery motion – that is, the "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). This includes time spent on additional briefing and any oral argument or hearing and can include "'fees on fees' for the time expended in filing a motion for attorneys' fees." *Wysocki v. Dourian*, No. 2:17-cv-333-JAD-NJK, 2017 WL 4767145, at *2 (D. Nev. Oct. 20, 2017); *accord Schneider v. CitiMortgage, Inc.*, No. 13-4094-SAC, 2018 WL 3068172, at *3 (D. Kan. June 21, 2018).

The Court recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, may have called into question. *See Perdue*, 559 U.S. at 552-53; *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the United States Supreme Court's decision in *Perdue*, has continued to utilize the approach laid out by this Court. *See Black*, 732 F.3d at 502-03; *but see In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, 751 F.3d 291, 296 (5th Cir. 2014) (following *Pilgrim's Pride*).

And the Fifth Circuit, in a recent published opinion, has rejected the argument "that *Perdue* clearly disfavors applying the *Johnson* factors to determine a fee award and instead requires the use of only the lodestar." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 393 (5th Cir. 2016). The Court of Appeals explained that

> [w]e agree that *Perdue* requires courts to first calculate the lodestar; indeed, this has long been our practice. *See, e.g., League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Ind. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("The method by which the district court calculates an attorneys' fees award is well established. The district court first calculates the 'lodestar.' "). But *Perdue* does not, as Combs contends, make it impermissible to then consider any relevant *Johnson* factors. *Perdue* cautions against the sole use of the *Johnson* factors to calculate a reasonable attorney's fee but nowhere calls into question the use of relevant *Johnson* factors to make this determination. Indeed, *Perdue* expressly allows adjustments "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." 559 U.S. at 554, 130 S. Ct. 1662.
> ....
> And though the lodestar is presumed reasonable, it may be adjusted where it "does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554, 130 S. Ct. 1662. .... *Perdue*, consistent with the Court's frequent pronouncements, explains that lodestar enhancements are to be rare. ....
>   In sum, the district court should begin by calculating the lodestar: the reasonable hours expended multiplied by a reasonable rate. The district court may then determine whether any other considerations counsel in favor of enhancing or decreasing the lodestar. In light of the "strong presumption" that the lodestar represents a sufficient fee, enhancements must necessarily be rare. *Perdue*, 559 U.S. at 553-54, 130 S. Ct. 1662.

*Id.* at 393-95.

*Perdue*, then, did not change the landscape of calculating attorneys' fees awards in the Fifth Circuit. Accordingly, the analysis below will take into account the necessary factors when determining the appropriate amount of attorneys' fees to be awarded under Rule 37(a)(5).

## Analysis

Lohr's Application requests an order requiring the Mintons to pay her fees in the amount of $8,816.50 as sanctions under Rule 37(a)(5) on her motion to compel. *See* Dkt.

No. 88 at 1.

Lohr's Application is supported by the Declaration of Mark A. Castillo, which incorporates his firm's records. *See* Dkt. No. 88-1. Mr. Castillo declares that he is a founding shareholder of CCPC, has been licensed to practice law since September 2000, and that substantially all of his practice has been in the areas of bankruptcy and civil litigation, including business, real estate, contracts, and fraud litigation.

Mr. Castillo declares that, to file Lohr's Motion to Compel and for Sanctions, Lohr incurred attorneys' fees in the amount of $6,264.00. Since filing the motion to compel, Lohr incurred attorneys' fees in the amount of $2,552.50 for preparation of Lohr's fee application and Mr. Castillo's declaration. The total fees charged for actual legal services incurred by Lohr in connection with the Motion to Compel and for Sanctions is $8,816.50.

The fees sought are for 31.9 hours of work performed by attorneys Mark Castillo and Christopher Harbin and a law clerk from the law firm of Curtis Castillo PC ("CCPC"). Mr. Castillo declares that his $300 per hour rate as lead attorney for Lohr in this case was substantially less than his regular $425 per hour billing rate and reflected a discount of nearly thirty percent off the standard billing rate for his services. Mr. Harbin's billing rate in this case was also $300 per hour, and the law clerk's billing rate was $115.00 and $125 per hour. Lohr seeks attorneys' fees based on a blended rate of $276.00 per hour, which Mr. Castillo believes is within the acceptable range of what he would consider a reasonable blended rate for compel matters within fraud litigation in federal court. Mr. Castillo also reviewed the fees and believes them

to have been actually incurred and to be reasonable.

The billing records Mr. Castillo submitted reflect the work that attorneys and a law clerk from CCPC performed. The records include a narrative description of the work done and the number of hours that it took to complete the work.

The Court has carefully reviewed these records and finds that the 31.9 total hours that Lohr attributes to briefing, editing, and filing the motion to compel, communicating with the Mintons regarding the motion to compel, filing the certificate of noncompliance, fee application, and declaration are reasonable and necessary and not excessive, duplicative, or inadequately documented and therefore were reasonably expended for the tasks for which the Court has determined that Lohr should be awarded her attorneys' fees.

The Court finds that blended rate of $276.38 per hour is reasonable and within the market rate for attorneys and law clerks handling this type of litigation in the Dallas area.

The Court therefore finds the appropriate lodestar here to be calculated as 31.9 hours at $276.38 an hour for a total of $8,816.50.

The Court has considered the *Johnson* factors but notes that the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Here, the Court notes that Plaintiff does not seek an enhancement of his attorneys' fees. And the Court finds that there are no other exceptional circumstances.

**Conclusion**

The Court GRANTS Plaintiff Claudette Lohr's Application for Attorney's Fees

and Costs Per Order at Docket 86 [Dkt. No. 88] and ORDERS that Frederick Minton and Marlane Minton are required, jointly and severally, to, by **September 30, 2018**, pay Plaintiff Claudette Lohr her reasonable attorneys' fees incurred in making her Motion to Compel and for Sanctions [Dkt. No. 48 ] in the amount of $8,816.50.

SO ORDERED.

DATED: August 21, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE